Kenneth MacAffer, J.
The petitioner herein makes an application pursuant to section 298 of the Executive Law to review an order of the State Commission Against Discrimination, hereinafter referred to as the Commission, which order was dated April 29, 1960.
The Commission has served a cross motion for an order pursuant to section 298 of the Executive Law enforcing the said order of the Commission and requiring the petitioner to comply with the provisions of such order.
The order of the Commission was made following a hearing which was held pursuant to a notice of hearing served by the Commission upon the petitioner in accordance with the provisions of section 297 of the Executive Law. There was served with the notice of hearing to be held January 12, 1960 a copy of the complaint verified by Robert S. Sachs on the 5th day of June, 1959.
The complaint sets forth that the petitioner herein advertised in the New York Herald Tribune on or about May 17, 1959 the merits of “ Trowbridge Farm ” in such a manner and for the purpose of attracting guests that the complainant thereafter wrote to Trowbridge Farm and requested information concerning the resort; that thereafter by letter dated May 29, 1959 he received a reply signed (Mrs.) Sylvia Trowbridge & Son, inviting him to make a reservation and enclosing a booklet; *112 that the booklet in two places had printed thereon the words 44 Serving Christian Clientele since 1911”; that he is of the Jewish creed and that such words are discriminatory in that they clearly indicate that persons of the Jewish creed are not acceptable, desired or solicited at Trowbridge Farm.
The petitioner interposed a special appearance challenging the jurisdiction of the Commission together writh an answer denying the charges contained in the complaint which it was requested should not be considered as a general appearance unless, and until the motion to dismiss should be denied. The record of the hearing discloses that the motion to dismiss was denied.
The proof adduced at the hearing on February 2,1960 did not develop any issues of fact as to the insertion of the advertisement, the mailing of the brochure or the printing thereon. The Commission did offer Exhibit 7 in evidence which contained letters setting forth that the petitioner has had guests of the Jewish creed. The gravamen of the complaint is the use of the words “ Serving Christian Clientele since 1911.” The complainant was permitted to testify that in his opinion 4 4 it [referring to the aforesaid words] indicated that the Trow-bridge Farms were definitely not soliciting Jewish clientele. That was my objection.”
The 'Commission determined that the use of said words in said manner by the petitioner constituted a violation of subdivision 2 of section 296 of the Executive Law. Mr. Bernard Katzen, Presiding Hearing Commissioner, handed down an opinion in which he concluded the said words were to the effect that the patronage or custom of non-Christians at Trowbridge Farm was unwelcome, objectionable or not acceptable, desired or solicited. Hearing Commissioner Nice concurred in Mr. Katzen’s opinion. Hearing Commissioner Davis dissented in an opinion in which he contended that the said words were to the effect only that Jewish patronage 4 4 was not desired or solicited. ’ ’ Thus, there appears to be disagreement even within the Commission as to the effect of said words. Nevertheless oh such opinions the Commission made its findings of fact and conclusions of law under date of April 29,1960 that the language 4 4 Serving Christian Clientele since 1911 ’ ’, as used by the petitioner, means that the patronage or custom of non-Christians at Trowbridge Farm is unwelcome, objectionable or not acceptable, desired or solicited, in violation of subdivision 2 of section 296 of the Executive Law. Thereupon the Commission made its cease and desist order under date of April 29, 1960 pursuant to section 297 of the Executive Law.
*113 After reviewing the record this court reaches the conclusion that the sole question for determination is one of law, namely, whether the words used are susceptible of the conclusion reached by the Commission. Counsel for the Commission in the brief submitted on this motion concedes that the only substantial dispute as to the merits is a question of law, not of fact. Counsel for the Commission also concedes that the Commission has never heretofore passed upon or interpreted the meaning of the words which are the subject of the complaint. As above noted, the Commission itself was divided in its interpretation of the effect of the language.
This court is cognizant of the limitations imposed upon it by the provisions of section 298 of the Executive Law with respect to the findings of fact by the Commission. The aforesaid statute provides that such findings of fact by the Commission shall be conclusive if supported by sufficient evidence on the record considered as a whole.
Subdivision 2 of section 296 of the Executive Law provides in part as follows: “2. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color or national origin of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, or, directly or indirectly, to publish, circulate, .issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of race, creed, color or national origin, or that the patronage or custom thereat of any person belonging to or purporting to be of any particular race, creed, color or national origin is unwelcome, objectionable or not acceptable, desired or solicited. (Emphasis supplied.)
The question posed on this review is: Did the use of these words constitute an unlawful discriminatory practice as provided in the aforesaid subdivision 2 of section 296 of the Executive Law, as found by the Commission?
It would seem to this court to so hold would be to give these words a strained meaning and purpose. The words may be said to describe the type of persons who, in the main, have patronized the resort but the use thereof does not in the court’s judgment suggest that other than Christians are unwanted or excluded. Certainly, the letter written by the petitioner to the *114 complainant in answer to his inquiry contained no such suggestion. It is not unusual to read advertisements which state 11 Italian cuisine, ” “ French cooking ” or “ Kosher diet observed.” Would one say that such descriptive words would establish that the author was engaging in a discriminatory practice pursuant to the provisions of the aforesaid statute ?
How one individual person may interpret certain words may not be used as the standard in determining whether the use of such words are discriminatory within the meaning of the statute. In order to so construe the use of the words it would be necessary to reach the conclusion that the use thereof would indicate that the purpose therefor was to exclude persons because of their race, creed or national origin. This court appreciates the intent and purpose of this legislation and that the provisions of the act should be liberally construed to prevent such discrimination. Nevertheless no one should be penalized or punished unless the words employed are used to violate the provisions of the statute. It is unfair to determine that such a practice has been employed by indulging in a strained and sensitive interpretation of the meaning and purpose of the wording used.
Commissioner Katzen in his opinion discusses other phrases upon which rulings have been made and states that no interpretation has heretofore ever been made of the phrase “ Serving Christian Clients since 1911. ’ ’ In his opinion the Commissioner does discuss rulings with respect to use of the words “ Selected Clientele ” and the phrase “ The Hillside Inn enjoys the continued year after year patronage of a select Christian clientele.” The use of the word “ selected ” suggests that the guests are “ selected ” in some manner which is not stated and from only Christian people. These cited examples do not in the opinion of this court warrant the conclusion that the use of the words in question are violative of the statute.
The Commissioner also comments on the statement made in behalf of the petitioner that the resort has accepted .some guests of a creed other than Christian but that no such statement was made in the brochure. Just how this fact could be stated without suggesting the thought of discrimination is difficult to understand.
In this court’s opinion the fair construction of the phrase contained in the brochure does not warrant as a matter of law the conclusion that the petitioner committed an unlawful discriminatory practice in violation of subdivision 2 of section 296 of the Executive Law, as found by the Commission in its decision in this case.
*115 The order of the Commission is therefore reversed on the law and wholly set aside, without costs.
The court having granted this relief to the petitioner, the cross motion of the Commission is denied, with costs. The attorney for the petitioner to submit order.